UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ARISTEDES CABRERA, :
:
                  Plaintiff, :
: 21-CV-780 (JMF)
    -v- :
: MEMORANDUM OPINION
CYNTHIA BRANN, NYC D.O.C., et al., : AND ORDER
:
                  Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Aristides Cabrera, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants failed to protect him from contracting COVID-19 while he was in the custody of the New York City Department of Correction (DOC). At the time he filed the complaint, Plaintiff was a pretrial detainee at the Vernon C. Bain Center (VCBC).[1] But according to records maintained by the DOC, Plaintiff was released on January 31, 2021 — though he has not updated the Court with a new address. Plaintiff seeks injunctive relief, related to safety protocols at the VCBC, as well as money damages.

      For the reasons set forth below, the Court notifies Plaintiff that **within thirty days of the date of this order**, he must update the Court with his new address. If he fails to do so, the Court shall dismiss the action without prejudice under Fed. R. Civ. P. 41(b), for failure to prosecute. The Court also DENIES Plaintiff's request for injunctive relief as moot.

---

[1] Plaintiff signed the complaint on January 16, 2021, and the Court received it on January 28, 2021. He alleges that the events giving rise to his claims occurred on January 15, 2021, and January 16, 2021.

## DISCUSSION

### A. Dismissal for Failure to Prosecute

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Moreover, "[a] plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint." *Abdallah v. Ragner*, No. 12-CV-8840 (JPO), 2013 WL 7118083, at *4 (S.D.N.Y. Nov. 22, 2013) (citing *Fields v. Beem*, No. 13-CV-5, 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) (collecting cases))).

The Court hereby notifies Plaintiff that should he fail to update the Court with his new address, the Court shall dismiss the action for failure to prosecute.

### B. Injunctive Relief

Because Plaintiff has been released from DOC custody, his claims seeking injunctive relief are dismissed as moot. Generally, if "'parties lack a legally cognizable interest in the outcome' of a case, it is moot and the federal courts lack jurisdiction." *Muhammad v. City of N.Y. Dep't of Corr.*, 126 F.3d 119, 122-23 (2d Cir. 1997) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citation omitted)). Thus, when a prisoner is released from custody, the prisoner lacks an interest in the outcome of the case, and any request for injunctive relief is no longer relevant — it is moot. *See, e.g.*, *Khalil v. Laird*, 353 F. App'x 620, 621 (2d Cir. 2009) (summary order) (noting that "[w]hen [the plaintiff] was released from prison, he no longer had a 'continuing personal stake' in the outcome of this action, and his claims were rendered moot" (quoting *Muhammed*, 126 F.3d at 123)); *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 589 (S.D.N.Y.

2015) (finding that "because Plaintiff is no longer incarcerated, to the extent Plaintiff requests any injunctive relief, th[e] request is moot").[2]

Here, Plaintiff lacks in interest in the safety protocols at VCBC because he is no longer in DOC custody. His claims for injunctive relief are therefore dismissed as moot.

## CONCLUSION

**Within thirty days of the date of this order**, Plaintiff must update the Court with his new address. **Failure to do so will result in dismissal of the action without prejudice under Fed. R. Civ. P. 41(b), for failure to prosecute**.

The Court dismisses the claims seeking injunctive relief as moot.

The Clerk of Court is directed to mail a copy of this order to Plaintiff's last known address.

SO ORDERED.

Dated:   February 26, 2021
         New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] In *Khalil*, the Court of Appeals affirmed the district court's decision finding that the court lacked subject matter jurisdiction based on the claims being mooted by the plaintiff's release. 353 F. App'x at 621. But in *Khalil*, the plaintiff sought only injunctive and declaratory relief, not money damages. Here, Plaintiff seeks money damages, as well as injunctive relief.

3