UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                                                 :
ARISTEDES CABRERA,                                               :
                                                                 :
                                  Plaintiff,                     :        21-CV-780 (JMF)
                                                                 :
                -v-                                              :        ORDER OF DISMISSAL
                                                                 :
CYNTHIA BRANN, NYC D.O.C., et al.,                               :
                                                                 :
                                  Defendants.                    :
                                                                 :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff was released from custody on January 31, 2021, and has not made the Court

aware of his new address, meaning that the Court's orders have been returned as undeliverable.

*See* ECF No. 6.  On February 26, 2021, the Court ordered Plaintiff to update the Court with his

new address within thirty days.  ECF No. 6.  To date, Plaintiff has failed to do so.

        The Supreme Court and the Second Circuit have long recognized that federal courts are

vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to

prosecute, a power that is "necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*,

375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial

court's disposal," it must be "reserved for use only in the most extreme circumstances."  *Id.* at

251.  In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of

the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that

failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced

by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff was on notice after the Court's February 26, 2021 Order of his need to provide the Court with his current address, and was expressly warned that "[i]f he fails to do so, the Court shall dismiss the action without prejudice under Fed. R. Civ. P. 41(b), for failure to prosecute."  ECF No. 6, at 1.  District courts in this Circuit have recognized that "the failure to maintain [a current address] with the Court is a ground for failure to prosecute" because "[t]he case cannot proceed" without such information.  *Pratt v. Behari*, No. 11-CV-6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (internal quotation marks omitted); *see also Ealy v. Superintendent of Groveland Corr. Facility*, 680 F. Supp. 2d 445, 448 (W.D.N.Y. 2010) (a plaintiff's failure to update his address "is no small matter." (internal quotation marks omitted)).

In light of the Court's inability to proceed without updated contact information for Plaintiff, dismissal of the case is warranted.  However, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice.  *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to close the case.  Additionally, the Clerk of

Court is directed to mail a copy of this Order to Plaintiff (notwithstanding the fact that it will

presumably be returned as undeliverable).

     SO ORDERED.

Dated: April 20, 2021
     New York, New York

                                      JESSE M. FURMAN
                                United States District Judge